**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------ X
ADRIAN MITCHELL,

                                  Plaintiff

    -against-

THE CITY OF NEW YORK; Police Officer TYRONE BRODIE (Shield No. 28148); Police Officer JEANDECLAIR CHARLES (Shield No. 929875); Sergeant JE CHAI (Shield No. 385); Sergeant MARGARET ORTIZ (Tax. No. 947766); and Police Officers "JOHN and/or JANE DOES" 1, 2, 3, ETC. (whose identity are unknown but who are known to be personnel of the New York City Police Department), all of whom are sued in their individual capacity,

                                Defendants.
------------------------------------------------------------------------ X

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff ADRIAN MITCHELL, by her attorneys, Beldock Levine & Hoffman LLP, as and for her Amended Complaint against the defendants, alleges as follows:

**PRELIMINARY STATEMENT**

1. This civil rights action seeks redress under 42 U.S.C. § 1983 and New York State law for injuries plaintiff sustained when New York City Police Officer TYRONE BRODIE made false allegations against plaintiff and New York City Police Sergeant JE CHAI, Sergeant MARGARET ORTIZ, Police Officer JEANDECLAIR CHARLES and Police Officers JOHN and/or JANE DOES falsely arrested her.

2. Plaintiff seeks (i) compensatory damages for, *inter alia*, false imprisonment, psychological and emotional distress, and other financial loss caused by the illegal actions of the defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled

constitutional law; and (iii) such other and further relief, including costs and attorney's fees, as this Court deems equitable and just.

## JURISDICTION

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a)(3) and (4), as this action seeks redress for the violation of plaintiff's constitutional and civil rights.

4. Supplemental jurisdiction is conferred upon this Court by 28 U.S.C. § 1367(a) over any and all state law claims that are so related to the federal claims that they form part of the same case or controversy.

## VENUE

5. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which the events giving rise to plaintiff's claims took place.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action on each and every one of her claims for which jury trial is legally available.

## THE PARTIES

7. Plaintiff ADRIAN MITCHELL is a citizen of the United States and the State of New York, and was at all times relevant to this complaint a resident of Kings County, City and State of New York.

8. Defendant THE CITY OF NEW YORK ("the City") is a municipal entity created and authorized under the laws of the State of New York.

9. The City is authorized by law to maintain a police department, and does maintain the New York City Police Department ("NYPD"), which acts as its agent in the area of law

enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

10. Defendant TYRONE BRODIE (Shield No. 28148) is a New York City Police Officer who made false allegations that led to plaintiff's wrongful arrest.

11. Defendants Sergeants JE CHAI (Shield No. 385) and MARGARET ORTIZ (Tax No. 917766), and Police Officers JEANDECLAIR CHARLES (Shield No. 929875) and "JOHN and/or JANE DOES" 1, 2, 3, ETC. are NYPD Police Officers who unlawfully detained and arrested plaintiff without suspicion of any illegal activity.

12. Upon information and belief, defendants CHAI, ORTIZ, BRODIE, CHARLES, and DOES are still NYPD Police Officers.

13. At all times relevant herein, defendants CHAI, ORTIZ, BRODIE, CHARLES, and DOES have acted under color of state law in the course and scope of their duties and/or functions as agents, employees, and/or officers of the City and/or the NYPD, and incidental to the lawful pursuit of their duties as agents, employees, and/or officers of the City and/or the NYPD.

14. At all times relevant herein, defendants CHAI, ORTIZ, BRODIE, CHARLES, and DOES violated clearly established rights and standards under the Fourth and Fourteenth Amendments to the United States Constitution, of which a reasonable police officer in their circumstances would have known.

## COMPLIANCE WITH NEW YORK GENERAL MUNICIPAL LAW

15. On March 27, 2014, plaintiff served a Notice of Claim upon the City of New York by personal service and filed a petition in Supreme Court, Kings County, for leave to serve a late notice of claim.

16. On September 12, 2014, a judge of the Supreme Court, Kings County, heard the petition and denied plaintiff's petition to serve a late Notice of Claim.

17. Plaintiff timely appealed that order to the Appellate Division, Second Department, and perfected her appeal on April 10, 2015.

18. The City filed a response and the appeal was fully briefed on July 23, 2015.

19. On December 16, 2015, the Appellate Division, Second Department reversed the lower court's September 12, 2014 decision and granted plaintiff's petition to serve a later Notice of Claim.

## STATEMENT OF FACTS

20. Plaintiff is a single mother and a lifelong resident of the Brooklyn, New York.

21. Plaintiff's son's father is defendant Officer BRODIE.

22. In early 2013, Officer BRODIE violated the terms of a New York Family Court order by refusing to make child support payments.

23. Plaintiff and Officer BRODIE exchanged emails about Officer BRODIE having violated the terms of the court-ordered custody agreement.

24. In these emails, Officer BRODIE stated, in sum and substance, that he was angry about having to comply with the Family Court order and having to pay plaintiff child support.

25. Upon information and belief, on June 12, 2013, Officer BRODIE went to the 79th Precinct and made a baseless complaint to Defendant Sergeant ORTIZ that plaintiff had threatened him in email messages.

26. Upon information and belief, Officer BRODIE was retaliating against plaintiff because he was angry that he had been ordered to make child support payments to her.

27. Upon information and belief, it was apparent to several officers in the 79th Precinct that Officer Brodie's complaint was baseless.

28. Officer BRODIE identified himself at the 79th Precinct as a police officer.

29. Upon information and belief, Officer BRODIE used his position and authority as an NYPD officer to have the officers in that precinct arrest plaintiff.

30. Upon information and belief, the only reason that officers in the 79th Precinct acted upon Office BRODIE's complaint was because of his status as an NYPD Officer.

31. The evening of June 12, 2013, plaintiff was at home with her five-year-old son.

32. At approximately, 7:00 pm, three NYPD officers–including, upon information and belief, Sergeant CHAI, Sergeant ORTIZ and Officer CHARLES–went to plaintiff's house and told her that she had to come with them to the 79th Precinct for questioning because of a complaint made by Officer BRODIE.

33. Before Defendants CHARLES, CHAI, and ORTIZ arrived at plaintiff's home, the 79th Precinct's Executive Officer had already determined that the emails plaintiff sent to Defendant BRODIE "were not threatening in nature."

34. The officers did not provide plaintiff the opportunity to find childcare for her son, leaving her no choice but to take him with her to the precinct.

35. Plaintiff brought with her printed copies of the emails with Officer BRODIE.

36. Defendants CHARLES, CHAI, and ORTIZ took plaintiff and her son in their police car to the 79th Precinct.

37. At the 79th Precinct, plaintiff was brought to an interrogation room where investigating officers told her that she was under arrest and ordered her to make child care arrangements for her son.

38. The officers told plaintiff that Officer BRODIE accused her of sending him threatening email messages.

39. Upon information and belief, plaintiff would not have been arrested had it not been for the fact that Officer BRODIE was a member of the NYPD.

40. Upon information and belief, before arresting plaintiff, no officer had requested to see the emails that Officer BRODIE claimed were threatening.

41. Plaintiff told the investigating officers that she had never threatened Officer BRODIE.

42. Plaintiff showed the investigating officers the emails between her and Officer BRODIE.

43. The investigating officers reviewed the emails and then left the room.

44. Later, two officers who, upon information and belief were supervising officers, came into the room to speak with plaintiff.

45. They told plaintiff that it was clear that she had not threatened Officer BRODIE and that she was no longer under arrest.

46. Later, a white, female officer told plaintiff, in sum and substance, that she did not believe Officer BRODIE's allegations and that it was apparent when he made the complaint at the precinct that he had ulterior motives.

47. Officer CHARLES provided plaintiff with a Domestic Incident Report ("DIR").

48. The DIR stated that the Internal Affairs Bureau ("IAB") was notified about Officer BRODIE's false report because he was an active member of service.

49. Plaintiff was also told that the 79th Precinct Inspector had interviewed Officer BRODIE regarding the false report that he had filed.

50. Late that evening, plaintiff was released from custody and a friend drove her and her son home.

51. In the weeks and months following her unlawful arrest, plaintiff made several inquiries to IAB regarding the incident.

52. Plaintiff was given conflicting information each time she spoke with IAB investigators.

53. During one conversation, plaintiff was told that their investigation had been assigned a case number, 2013-264-06.

54. On another occasion, plaintiff received a call from an IAB officer who only wanted to discuss matters unrelated to the complaint she made against Officer BRODIE.

55. On yet another occasion, IAB informed plaintiff that there was no investigation.

56. Plaintiff is unaware of any resolution of the IAB investigation or whether Officer BRODIE has ever been disciplined by the NYPD for his false report.

57. Officer BRODIE has continued to harass plaintiff about his child support obligations following this incident.

58. On at least one occasion, Officer BRODIE has threatened to have plaintiff arrested again.

59. As a result of the defendants' conduct, plaintiff sustained loss of liberty, emotional and psychological pain, embarrassment, humiliation, harm to her reputation, and deprivation of her constitutional rights

## FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 – Individual Defendant Officers' Violations of Plaintiff's Fourth and Fourteenth Amendment Rights

60. Plaintiff realleges and incorporates by reference each and every allegation set forth in the foregoing paragraphs as if fully set forth herein.

61. In committing the acts and omissions complained of herein, defendants CHAI, ORTIZ, BRODIE, CHARLES, and DOES, acting alone and in concert, and under color of state law, deprived plaintiff of certain constitutionally protected rights under the Fourth and Fourteenth Amendments to the United States Constitution, including, but not limited to:

    a. the right to be free from unreasonable search and seizure;

    b. the right to be free from arrest without probable cause;

    c. the right to be free from false imprisonment, that being wrongful detention without good faith, reasonable suspicion, or legal justification, and of which detention plaintiff was aware and to which he did not consent;

    d. the right to be free from the lodging of false criminal charges against him by police officers; and

    e. the right to be free from deprivation of liberty without due process of law.

62. In committing the acts and omissions complained of herein, defendants CHAI, ORTIZ, BRODIE, CHARLES, and DOES breached their affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in their presence.

63. As a direct and proximate result of defendants CHAI, ORTIZ, BRODIE, CHARLES, and DOES deprivation of plaintiff's constitutional rights, plaintiff suffered the injuries and damages set forth above.

64. The unlawful conduct of defendants CHAI, ORTIZ, BRODIE, CHARLES, and DOES was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed.

## SECOND CAUSE OF ACTION
### Violations of the New York State Constitution

65. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

66. Such conduct breached the protections guaranteed to plaintiff by the New York State Constitution, including but not limited to, Article 1, §§ 1, 6, 11, and 12, and including the following rights:

> a. freedom from unreasonable search and seizure of his person and property;
>
> b. freedom from arrest without probable cause;
>
> c. freedom from false imprisonment, that being wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which wrongful detention plaintiff was aware and did not consent;
>
> d. freedom from the lodging of false charges against him by police officers and prosecutors, including on information and belief, by some or all of the individual defendants; and
>
> e. freedom from deprivation of liberty without due process of law.

67. As a direct and proximate result of defendants' deprivations of plaintiff's rights, privileges, and immunities guaranteed by the New York State Constitution, plaintiff suffered the injuries and damages set forth above.

## THIRD CAUSE OF ACTION
### False Imprisonment

68. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

69. Defendants CHAI, ORTIZ, BRODIE, CHARLES, and DOES, through the foregoing acts, caused plaintiff to be wrongfully detained without good faith, reasonable suspicion, or legal justification, and of which detention plaintiff was aware and to which he did not consent.

9

70. Defendants CHAI, ORTIZ, BRODIE, CHARLES, and DOES, committed the foregoing acts intentionally, willfully, and with malicious disregard for plaintiff's rights and are therefore liable for punitive damages.

## FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

71. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

72. Defendants CHAI, ORTIZ, BRODIE, CHARLES, and DOES, through the foregoing acts, did commit extreme and outrageous conduct and thereby intentionally, and/or recklessly caused plaintiff to experience severe mental and emotional distress, pain, suffering, and damage to name and reputation.

73. Defendants CHAI, ORTIZ, BRODIE, CHARLES, and DOES committed the foregoing acts intentionally, willfully, and with malicious disregard for plaintiff's rights and are therefore liable for punitive damages.

## FIFTH CAUSE OF ACTION
### Negligence

74. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

75. Defendants CHAI, ORTIZ, BRODIE, CHARLES, and DOES owed plaintiff a duty of care, including the duty to exercise due care in the course of their duties as NYPD officers and the duty to protect citizens from the intentional misconduct of other NYPD officers.

76. Defendants CHAI, ORTIZ, BRODIE, CHARLES, and DOES, through the foregoing acts, negligently failed to use due care in the performance of their duties in that they failed to perform their duties with the degree of care that a reasonably prudent and careful officer would have used under similar circumstances.

77. All of these acts were performed without any negligence on the part of plaintiff and were the proximate cause of the injuries to plaintiff.

## SIXTH CAUSE OF ACTION
### Negligent Infliction of Emotional Distress

78. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

79. As police officers acting in the performance of their duties, defendants CHAI, ORTIZ, BRODIE, CHARLES, and DOES owed plaintiff a duty of care.

80. In breach of that duty, defendants CHAI, ORTIZ, BRODIE, CHARLES, and DOES endangered plaintiff's safety and caused him to fear for his safety.

81. As a result, plaintiff suffered emotional distress.

## SEVENTH CAUSE OF ACTION
### Conspiracy

82. Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

83. Defendants CHAI, ORTIZ, BRODIE, CHARLES, and DOES conspired with each other to undertake a course of conduct to injure, oppress, threaten, harass, and intimidate plaintiff, denying her free exercise and enjoyment of the rights and privileges secured to her by the Constitution, including the right to be free from false arrest and unlawful imprisonment.

84. Defendants CHAI, ORTIZ, BRODIE, CHARLES, and DOES conspired with each other to undertake a course of conduct to bear false evidence in violation of plaintiff's constitutional rights, including the right to due process, to have plaintiff wrongfully arrested for a crime that she did not commit.

## EIGHTH CAUSE OF ACTION
**Negligent Hiring, Training, and Supervision Under State Law;
Defendant City of New York**

85.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

86.     The City is liable to plaintiff because of its intentional, deliberately indifferent, careless, reckless, and/or negligent failure to adequately hire, train, supervise, and discipline its agents, servants, and/or employees employed and/or the NYPD with regard to their aforementioned duties.

## NINTH CAUSE OF ACTION
*Respondeat Superior*

87.     Plaintiff realleges and incorporates by reference the allegations set forth in the foregoing paragraphs as if fully set forth herein.

88.     At all relevant times, defendants CHAI, ORTIZ, BRODIE, CHARLES, and DOES were employees of the City and were acting within the scope of their employment.

89.     The City is therefore vicariously liable under the doctrine of r*espondeat superior* for the actions of defendants CHAI, ORTIZ, BRODIE, CHARLES, and DOES set forth herein.

## DEMAND FOR RELIEF

**WHEREFORE**, plaintiff demands the following relief against the defendants, jointly and severally:

(a)     compensatory damages in an amount just and reasonable and in conformity with the evidence at trial;

(b)     punitive damages from Defendants CHAI, ORTIZ, BRODIE, CHARLES, and DOES to the extent allowable by law;

(c)     attorney's fees;

(d)     the costs and disbursements of this action;

(e)     interest; and

(f)     such other and further relief as this Court deems just and proper.

Dated: New York, New York
       April 1, 2016

                                      BELDOCK LEVINE & HOFFMAN LLP
                                      99 Park Avenue, PH/26 Floor
                                      New York, New York 10016
                                      (212) 490-0400

                                      _____
                                      Joshua S. Moskovitz
                                      Keith M. Szczepanski

                                      *Attorneys for Plaintiff Adrian Mitchell*